Case 3:15-cv-00198 Document 15 Filed in TXSD on 02/01/16 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILBERT BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-198 |
| | § | |
| MORAN TOWING TOWING CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Plaintiff, Wilbert Bennett ("Bennett"), has brought this action against Defendant Moran Towing Corporation ("Moran Towing") asserting claims for personal injury under the Jones Act, 46 U.S.C. § 1349 and general maritime law (Dkt. 1). Pending before the Court is Moran Towing's Motion to Transfer Venue of this case to the District of Connecticut (Dkt. 4). Having reviewed the full record and the governing legal authorities, the Court **DENIES** this motion.

## BACKGROUND

Bennett is a United States citizen and currently resides in the country of Honduras. Dkt. 9-1, Exhibit A, Affidavit of Wilbert Bennett, p.1. Bennett alleges that he was injured in Puerto Rico while working for Moran Towing as a crewmember aboard the M/V MARY ANN MORAN.[1] *Id.* at 2. At the time he was injured Bennett was conducting discharge operations aboard the tugboat while it was attached to the barge VIRGINIA. *Id.* Bennett received the majority of the medical treatment for these injuries in Houston,

---

[1] The M/V MARY ANN MORAN is a tugboat owned and operated by Moran Towing.

1

Texas and he continues to travel from Honduras to Houston to receive this treatment. Dkt. 9-1, Exhibit A. *Id.* at 3-4.

Moran Towing is a New York corporation whose corporate offices are located in Connecticut. Dkt. 4-1, Exhibit A, Affidavit of Kurt C. Odell. Moran Towing alleges that Connecticut is the location from which all barge operations and voyages are chartered, scheduled, crewed, dispatched, and managed—including the voyage to Puerto Rico during which Bennett claims to have been injured. *Id.* Bennett filed this maritime personal injury suit in the Southern District of Texas. *See* Dkt. 1. Moran Towing now moves to transfer this action to the United States District Court for the District of Connecticut, New Haven Division, pursuant to 28 U.S.C. § 1404(a) alleging that this district would serve as a more convenient forum for the resolution of this litigation. *See* Dkt. 4. Based on the pleadings, applicable law, and for the reasons stated below, the motion to transfer will be denied.

## STANDARD FOR CONVENIENCE TRANSFERS

Section 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.,* No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005).

Generally, the plaintiff's venue choice is accorded deference, but "when [he] files suit outside [his] home forum, the weight accorded to the choice is diminished." *Sivertson v. Clinton*, No. 3:11–cv–0836–D, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011). "[C]lose scrutiny is given to plaintiff's choice of forum when the plaintiff does not live in the judicial district in which plaintiff has filed suit." *McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 529 (S.D. Tex. 2001). Here, Bennett is a resident of Honduras not Texas. Accordingly, his decision to file in the Southern District of Texas is not entitled deference. *See Sivertson*, 2011 WL 4100958 at *4; *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010).

Nevertheless "[t]he court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *See Sivertson*, 2011 WL 4100958 at *3. The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

## ANALYSIS

Under 28 U.S.C. § 1404, the preliminary question for the district court is whether the suit could have been filed originally in the destination venue of Connecticut. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). Here, Moran Towing's principal place of business is in Connecticut and Moran Towing's barge division, the division which operates the M/V MARY ANN MORAN, is also located in

Connecticut. Accordingly the Court finds that, as originally filed, this action could have been brought in the District of Connecticut. *See* 28 U.S.C. §§ 1391(b)-(d), 1400(b).

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," by weighing a number of private and public interest factors. " *Atlantic Marine Construction Company, Inc. v. United States Dist. Court for the Western Dist. of Texas*, ––– U.S. –––, –––, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* at n.6. (citations omitted). No one factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F .3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

A. **The Private–Interest Factors**

1. **The Relative Ease of Access to Sources of Proof**

This factor is neutral. On the one hand, Moran Towing asserts this case should be transferred to Connecticut because its relevant company records concerning Bennett's

alleged accident and injuries are in the New Haven office.[2] However on the other hand there are equally, if not more, important non-party records that Bennett needs to establish his personal injury claims located in Texas. All of Bennett's medical treatment, with the exception of his initial examinations following his injury, has occurred and will continue to occur in Houston, Texas. Dkt. 9-1, Exhibit A, Affidavit of Wilbert Bennett, pp. 3-4. Thus, the vast majority of Bennett's medical records evidencing his injuries and treatments are located here in the Southern District of Texas. *See id.* Under these circumstances it appears that transferring this case to Connecticut would not alleviate potential record access problems but merely shift the burden of these problems from Moran Towing to Bennett.[3]

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules of Civil Procedure, a district court may enforce a subpoena issued to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur

---

[2] *See* Defendant Moran Towing 's Motion to Transfer Venue (Dkt. 4, p. 2) ("Such records include but are not limited to various corporate documents, voyage orders, charter agreements, vessel ownership and maintenance records, crewing documents, employment/human resource records and numerous other documents of that general nature relating to Moran Towing's barge operations.").

[3] Although the Court has considered the parties' relative ease of access to documentary evidence this case, such access is rarely a significant factor in a personal injury case because such actions are "unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof." *Barnes v. Romeo Papa*, LLC, No. 3:12-CV-365, 2013 WL 3049236, at *2 (S.D. Tex. Jun. 17, 2013); *see also Nunez v. Offshore Marine Contractors, Inc.*, No. 3:12–CV00291, 2013 WL 1458916, at *2 (S.D. Tex. Mar. 26, 2013); *see also Hunkin v. Cooper/T.Smith Stevedoring Co.,* No. CIV.A.6:08-0456, 2008 WL 4500392, at *2 (W.D. La. Sept. 29, 2008) (holding that while movant's books and records were located in the transferee district, the location of these records are not "of significant importance in a maritime personal injury claim such as this one.").

substantial expense." FED.R.CIV.P. 45(c)(1)(B). Here, Moran Towing argues that the analysis of this factor results in basically a "wash" "as there are no non-party witnesses…..located in either the Southern District of Texas or the District of Connecticut." Dkt. 4, p. 6. The Court disagrees.

Bennett has identified multiple important non-party witnesses who would be subject to the subpoena power of this Court but not the District of Connecticut. Bennett has identified by name four medical providers, including his primary treating physician, surgeon, and his psychologist, who are located in Texas and who would provide evidence of Bennett's injuries and treatment.[4] Dkt. 9-1, Exhibit A, Affidavit of Wilbert Bennett, pp. 3-4. Bennett has also specifically described the services that these medical treaters provided. *Id.* Medical providers are key witnesses in a personal injury case and Moran Towing has offered no evidence establishing that the medical treaters will voluntarily attend trial without a subpoena or that they are hired expert witnesses. *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993) (citation omitted); *Nunez v. Offshore Marine Contractors, Inc.*, No. 3:12–CV00291, 2013 WL 1458916, at *5-6 (S.D.Tex. Mar. 26, 2013). While Moran Towing argues that "obviously Bennett has the power to "compel his doctor to testify in Connecticut" it offers no authority for how this can be done in the absence of such evidence. Dkt. 4, p.11, n.15; *see* FED.R.CIV.P. 45(c)(1)(B). Accordingly, the Court finds that this factor weighs against transfer.

---

[4] Bennett has also seen another medical provider, Dr. Grieder, who is located in Texas. Dr. Grieder conducted an independent medical examination of Bennett at the request and expense of Moran Towing. The record does not establish whether he will be a non-party witness or a paid testifying expert subject to Moran Towing's control for purposes of his appearance at trial.

6

### 3. The Cost of Attendance for Willing Witnesses

"[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). Particularly, it is "the location of key, non-party witnesses that dominates." *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 826 (S.D. Tex. 1993); *Continental Airlines,* 1992 WL 333428 at *3. The convenience of one key witness may outweigh the convenience of numerous less important witnesses. *See, e.g., Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401-02 (N.D. Tex. 1984). Furthermore, the moving party must do more than make a general allegation that certain key witnesses are needed. *See id*. The movant must specifically identify the key witnesses and outline the substance of their testimony. *Continental Airlines,* 1992 WL 333428 at *3.

As previously noted, Bennett has specifically identified four non-party witnesses—three medical doctors and one psychologist—who are located in the Southern District of Texas and either provided or are continuing to provide Bennett with treatment for his injuries. Dkt. 9-1, Exhibit A, Affidavit of Wilbert Bennett, pp. 3-4. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 204–05. In this case, Moran asserts that the distance between the federal courthouse in Galveston, Texas and the federal courthouse in New Haven, Connecticut is approximately 1,760 miles. Dkt. 4, p.10. Thus, the Court finds that even if these

7

individuals were willing to travel to trial in Connecticut, attendance would be inconvenient for them.

Moran Towing argues that this factor weighs in favor of transfer because attending trial in Texas would be costly and inconvenient to other potential witnesses who live near the eastern seaboard of the United States closer to Connecticut. *Id.* at 7-10. However, with the exception of a single former employee, each of these potential witnesses presently works for Moran Towing and/or is a seaman.[5]  The Court gives little consideration to the convenience of witnesses who are still employed by Moran Towing. *See, e.g., Lebouef v. Gulf Operators*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (After noting that the availability and convenience of the witnesses is the most important factor, the court wrote: "However, where these anticipated witnesses are employees of the party seeking transfer, the sympathy of this Court is forfeited."); *see also Mateos v. Select Energy Servs., L.L.C.*, 919 F. Supp. 2d 817, 823 (W.D. Tex. 2013).  This is because Moran Towing can compel these witnesses to attend trial in Texas. Furthermore, while Moran Towing asserts various categories of its own employees who are potential witness in this case it only identifies one by name, Dan Klaben, the company's Risk Manager. Dkt. 4, p.9. Moran Towing does not provide any facts establishing that the testimony of its corporate employees is relatively more important in this maritime personal injury action than Bennett's healthcare providers. *See Dupre*, 810 F.Supp. at 826 (refusing to

---

[5] The only potential non-party witness that Moran Towing has identified is Alex Hermes, a former employee who resides in Fallsington, Pennsylvania. *See* Dkt. 4, p. 8. The Court notes the expected testimony of Mr. Hermes is not alleged to be unique and appears to be cumulative of the testimony of his nine former crewmates aboard the M/V MORAN. *Id.* at 7-9.

"transfer this case for the mere convenience of two Louisiana witnesses" when "[t]he primary result ... would be to transfer the inconvenience to the Plaintiff's current doctor.").

Likewise seamen do not deserve extensive convenience consideration because the "very nature of seamen's employment frequently makes them unavailable for trial, requiring the parties to submit the seamen's testimony in the form of depositions." *See Nunez*, 2013 WL 1458916, at *4; *See Dupre*, 810 F.Supp. at 825-26 (citation omitted). This can be done with equal ease from either Connecticut or Texas. Accordingly, the Court finds that this factor weighs against transfer.

**4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive**

While both Moran Towing and Bennett assert arguments regarding the extent of the potential delay that might be caused by a transfer, the Court finds that here this factor is not relevant and therefore neutral. Dkt. 4, p. 12; Dkt. 7, p.14. The delay associated with transfer may be relevant "in rare and special circumstances," such as where a transfer of venue would cause yet another delay in protracted litigation. *In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003). However "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). Here, the Court finds that there is no evidence or "rare and special circumstances" establishing that retaining and trying this case would cause significant delay or prejudice to any of the parties.

9

### B. The Public–Interest Factors

#### 1. The Administrative Difficulties Flowing from Court Congestion

This factor weighs against transfer. The focus of the first public-interest factor is " 'not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.' " *Rosemond v. United Airlines, Inc.*, No. H–13–2190, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014)(quoting *Siragusa v. Arnold*, No. 3:12–cv–04497–M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013)). In analyzing this factor courts often consider the median time interval from case filing to disposition. *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.,* No. CIV A H-09-992, 2009 WL 2244468, at *12 (S.D. Tex. Jul. 27, 2009). Here, cases filed in the Southern District of Texas proceed to trial faster than cases filed in the District of Connecticut. The record reflects that the average time from filing to trial of civil cases in the District of Connecticut as a whole is 31.7 months and the Southern District of Texas as a whole is 21.5 months.[6] The Court finds that this difference in disposition time is significant and weighs against transfer. *Compare ExpressJet Airlines*, 2009 WL 2244468, at *12 (concluding that a difference of 2.2 months between districts did not weigh either in favor of or against transfer).

#### 2. The Local Interest in Having Localized Interests Decided at Home

This factor is neutral because the residents of Texas and Connecticut have different but at best equivalent interests in the local adjudication of this dispute. In this

---

[6] *See* TABLE C-5—U.S. DISTRICT COURTS–CIVIL STATISTICAL TABLES FOR THE FEDERAL JUDICIARY (JUNE 30, 2015) http://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2015/06/30.

case the relevant events did not occur in either Texas or Connecticut but in Puerto Rico and Bennett does not reside in Texas. However, contrary to Moran Towing's arguments, it does not appear that "the residents of the Southern District of Texas have no interest whatsoever in the outcome of this case." Dkt. 4, p. 13. The record establishes that Moran Towing hires Texas residents—it has a business office in Port Arthur, Texas —and it is a maritime employer that conducts business operations in Texas ports including operations in this district. Dkt. 8-9. Under these circumstances the Court cannot conclude that the residents of Connecticut, where Moran Towing's corporate office is located, would necessarily have a greater interest in the outcome of this a personal injury case, arising from conduct in Puerto Rico involving a United States citizen and resident of Honduras, than the residents of Texas.

### 3. The Familiarity of the Forum with the Law that Will Govern the Case

Neither this court nor the District of Connecticut is more or less familiar with the law that will govern this case. This case will be governed by substantive maritime law that is applied by all federal courts regardless of the state where they sit. Therefore, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Because there are no conflict of laws issues that would make this case better suited for either this Court or the District of Connecticut, this factor cannot weigh either for or against transfer. Accordingly, this factor is neutral.

## CONCLUSION

After careful consideration of the pleadings, the motion to transfer venue, the responses and replies, the record and evidence in this case, and the arguments of the parties, the Court finds that District of Connecticut is not a more convenient venue than this Court. "The district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting C*aldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). Weighing the relevant factors, the court concludes that "on balance, a transfer would [not] serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)).

## ORDER

For the reasons explained above, the court concludes that this case should not be transferred to the District of Connecticut. Accordingly, Defendant Moran Towing's Motion to Transfer Venue (Dkt. 4) is, hereby, **DENIED**.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on February 1, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE